FILED
CLERK

1:07 pm, Jul 28, 2021

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ERICA BUSH,

                        Plaintiff,

      -against-

OPTIO SOLUTIONS, LLC,

                        Defendant.

**MEMORANDUM & ORDER**
CV 21-1880 (GRB)(ARL)

-----------------------------------------------------------------X

**GARY R. BROWN, United States District Judge:**

    In this FDCPA action, plaintiff has moved to lift the automatic bankruptcy stay to permit the action to proceed, which defendant does not contest. Additionally, the Court has received responses to its Show Cause Order of June 29, 2021 requiring plaintiff to demonstrate that she "suffered a concrete harm that qualifies as an injury in fact" in light of the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2209 (2021). Because plaintiff cannot demonstrate such a concrete injury, the case is dismissed.

*Background*

    As in many of the boilerplate complaints filed in similar matters, the initial complaint sets forth some general legal principles applicable to FDCPA claims. Docket Entry ("DE") 1 ¶¶ 1-8. All of this surplusage[1] – including references to the "least sophisticated consumer test"[2] – are

---

[1] "Under the liberal pleading principles established by Rule 8 of the Federal Rules of Civil Procedure, in ruling on a 12(b)(6) motion '[t]he failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters.'" *Northrop v. Hoffman of Simsbury, Inc.*, 134 F.3d 41, 46 (2d Cir. 1997) (quoting *Albert v. Carovano*, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc)).

[2] The least sophisticated consumer test, defined by the Second Circuit as a "judicial gloss on the original text of the statute" intended to further "the Act's overarching purpose of deterring deceptive conduct," *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90-91 (2d Cir. 2008), proves a useful tool in determining whether certain conduct

intended to help identify statutory violations, but have no bearing on the demonstration of injury. Factually, the plaintiff alleges that an "alleged debt was transferred to Defendant for collection [at a time at which] the alleged Debt was in default." *Id.* ¶¶ 26-27. Defendant then "caused" a single collection letter "to be sent" to plaintiff. *Id.* ¶ 28. That letter, attached to the complaint, reflects defendant's effort to collect a debt of $678.94 from plaintiff for a fuel oil delivery to her home. DE 1-1.

Based on these facts, the plaintiff claimed two causes of action for purported violations of the FDCPA: (1) the failure of the debt collector to provide unspecified information required under 15 U.S.C. §1692g, and (2) an alleged deception arising from the fact that the letter, by stating that the "thirty (30) day verification period has passed," and that plaintiff could "avoid further collection activity on this item by paying in full," falsely implied that the plaintiff had waived a right to challenge the debt. DE 1 ¶¶ 31-49. The initial complaint sets forth only these statutory violations but alleges no injury. In fact, the complaint specifically alleges that "Plaintiff did not pay the alleged Debt." *Id.* ¶ 36. The complaint goes on to set forth allegations reflecting plaintiff's intention to seek certification of a class action on behalf of all similarly situated plaintiffs in New York State. *Id.* ¶¶ 50-56.

On April 22, 2021, in an amended complaint, plaintiff added allegations and a third count charging a violation purportedly arising from the defendant's alleged use of a mailing vendor in sending her the single collection notice subject to this suit:

> 29. Rather than preparing and mailing such written correspondence to Plaintiff on its own, Defendant decided to utilize a third-party vendor to perform such activities on its behalf.

---

violates the conduct prescribed by the statute. The test is not intended as a measure of whether the plaintiff has alleged injury under the statute, or having done so, the amount of damages that might be recovered.

> 30. As part of its utilization of the third-party vendor, Defendant conveyed information regarding the alleged Debt to the third-party vendor.
>
> 31. The information conveyed by Defendant to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.
>
> . . .
>
> 33. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at Defendant's direction.

DE 4 ¶¶ 29-33, 37-52. Unlike the initial complaint, which alleged no individualized injury, the amended complaint alleges that "Defendant disclosed Plaintiff's private and sensitive information to the third-party vendor." *Id.* ¶ 50. The amended complaint further seeks to certify a class of individuals "where Defendant sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer." *Id.* ¶ 73.

Five days later, on April 27, 2021, plaintiff filed a voluntary petition for bankruptcy. In that petition, a publicly-filed and verified document, plaintiff identified the very same debt – to wit: the sum of $678.94 owed to Quogue Sinclair Fuel Inc. – along with tens of thousands of dollars in additional liabilities. *See* Chapter 7 Voluntary Petition for Individuals at 5, Bankruptcy Petition #8-21-70776-las (Bankr. E.D.N.Y. 2021), DE 1 at 22. Notably, in the "property" section of the petition, when asked about "lawsuits" and other "demands for payment," plaintiff identifies the following:

> FDCPA Claims - Multiple Claims against debt collectors concerning collection letters or other actions. No maximum number should be inferred from this entry as there may be many cases. Statutory damages per claim of one thousand dollars plus attorney's fees and costs.

3

*Id.* at 13. Plaintiff values this asset at $9,500.[3]  *Id.*  As plaintiff's counsel noted in his letter, plaintiff claimed a "wildcard exemption" under 11 U.S.C. § 522(d)(5)[4] for these anticipated payouts, along with her automobile, household goods, jewelry and personal checking account containing $658.71.  *See* DE 10 at 1; Chapter 7 Voluntary Petition at 15-16, Bankruptcy Petition, DE 1.

On May 13, 2021, defendant filed a letter for a pre-motion conference in this action in anticipation of a motion to dismiss.  Defendant argued that plaintiff lacked standing to prosecute this pre-petition action as the claim belonged to the bankruptcy estate and thus the Bankruptcy Trustee was the only party authorized to litigate the action. DE 6.  A few days later, plaintiff filed a Suggestion of Bankruptcy on the Record in this action, stating that the case triggered an automatic stay of this action. DE 8.  On May 18, the Court entered a stay of this action pursuant to section 362(a) of the Bankruptcy Code and consequently denied defendant's request for a pre-motion conference.  Electronic Order dated May 18, 2021.

Following the Supreme Court's decision in *TransUnion*, this Court entered a Show Cause Order directing plaintiff to identify "any concrete, particularized injury in fact from the statutory violations alleged herein." Electronic Order dated June 29, 2021.  In response, by letter dated July 14, 2021, counsel for plaintiff set forth the sole ground upon which she claims a concrete and particularized injury:

> Plaintiff claims a concrete and particularized "injury in fact" as a result of Defendant's actions. Specifically, Defendant invaded Plaintiff's right to privacy and seclusion when it disclosed Plaintiff's private and sensitive information to RevSpring, Inc. Plaintiff was distressed that her private information was shared without her consent.

---

[3] Given the $1,000 damage limit, the listing gives rise to the inference that plaintiff has or anticipates an interest in at least ten cases.  *See* Chapter 7 Voluntary Petition at 37, Bankruptcy Petition, DE 1.
[4] In a recent decision, Chief Judge Trust described the application of the wildcard exemption. *In re Banfi*, No. 19-77029-ast, 2021 WL 2407504, at *4 (Bankr. E.D.N.Y. June 9, 2021).

DE 10 at 2.  In addition, plaintiff's counsel advised the Court that on "June 4, 2021, the Trustee filed his Report of No Distribution.  Plaintiff's wild-card exemption was valid and accepted by the Trustee."  *Id*.  As such, plaintiff requests that the Court lift the bankruptcy stay and allow this matter to proceed*. Id.*

*Discussion*

As discussed at greater length in *In re FDCPA Mailing Vendor Cases*, 2021 WL 3160794 (E.D.N.Y. 2021), incorporated herein by reference, the *TransUnion* decision requires that the Court examine whether plaintiff has alleged a concrete, particularized injury. "[P]laintiffs bear the burden of demonstrating that they have standing[,] must maintain their personal interest in the dispute at all stages of litigation [and] must demonstrate standing 'with the manner and degree of evidence required at the successive stages of the litigation.'"  141 S. Ct. at 2207–08 (citations omitted).  Furthermore, "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not."  *Id*.  The Court determined that "bare procedural violation[s], divorced from any concrete harm . . . do[] not suffice for Article III standing."  *Id.* at 2213 (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016); *cf. Kale v. Procollect, Inc.*, 2021 WL 2784556, at *3–4 (W.D. Tenn. July 2, 2021) (dismissing FDCPA class action because named plaintiff only "alleged procedural violations of the FDCPA").

Here, since the only injury asserted by plaintiff arises from the "mailing vendor" theory, to wit: the disclosure of the fact that she owed a debt, plaintiff has failed to identify any injury in fact.  First, the "mailing vendor theory" does not appear viable in the wake of *TransUnion*.  *See In re FDCPA Mailing Vendor Cases*, 2021 WL 3160794 at *5-6*.  More to the point, however, in this case, where plaintiff has rendered public information about the very same debt in her bankruptcy petition, it cannot be said that she was injured in any appreciable way by the communication of

5

this information to a mailing vendor.

Based on the foregoing, plaintiff fails to demonstrate standing, and the action must be dismissed. Her application to lift the bankruptcy stay is denied as moot.

**SO ORDERED.**


Dated: Central Islip, New York
       July 28, 2021

                                                  /s/ Gary R. Brown
                                                HON. GARY R. BROWN
                                                United States District Judge